(109 App. Div. 506)

## BARSALOU v. PIERCE.

(Supreme Court, Appellate Division, First Department.   December 8, 1905.)

1. MASTER—DEATH OF SERVANT—NEGLIGENCE—QUESTION FOR JURY.

   In an action for the death of an employé, alleged to have been caused by failure to furnish a safe place to work, evidence examined, and *held* insufficient to warrant submitting the question of defendant's negligence to the jury.

2. SAME—NEGLIGENCE OF FELLOW SERVANT—LIABILITY OF MASTER.

   An employer is not liable for the death of an employé caused by the negligence of the decedent's fellow servant.

   [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 352.]

Appeal from Trial Term, New York County.

Action by Ellen Barsalou, as administratrix, etc., of Origene Barsalou, deceased, against John Pierce. From a judgment in favor of plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Frank V. Johnson, for appellant.

Adolph L. Pincoffs, for respondent.

INGRAHAM, J.   The complaint alleges that in April, 1904, the defendant had a contract for the mason work in the erection of a building at Fifty-Ninth street and Tenth avenue, in the city of New York, and that the plaintiff's intestate was in the employ of the defendant, engaged in the construction of such building; that on the 26th day of April, 1904, the plaintiff's intestate was engaged in the course of such employment in wheeling a barrow on the ground floor of said building; that over the space where the plaintiff's intestate was working was a balcony, and on or near the edge of this balcony certain iron switch plates or bars had been piled; that the defendant failed to have said work properly supervised, and failed to cause proper warning to be given to the plaintiff's intestate, and to provide him with a reasonably safe place to perform his work; and that while the plaintiff's intestate was engaged as aforesaid, he was hit on the head by one of the iron switch plates, or beams, which fell down from said balcony, and was instantly killed, and for the damages thereby sustained by his next of kin this action was brought.

Upon the trial an employé of the defendant testified that he was working for the defendant on the 26th of April, in the construction of this building; that on the Fifty-Ninth street side of the building there was a balcony about 14 feet up from the ground, 18 or 20 feet wide; that he saw an iron switch frame fall down and strike the plaintiff's intestate on the head; that this switch frame was about 16 feet long, and made up in sections about 2 feet apart; that the witness had seen that or similar switch frames on the balcony about an hour previous—about five or six of them piled there, towards the outer edge of the balcony; that he saw two of the defendant's employés working on the balcony, moving the scaffold from the balcony where

the masons were working; that the only work being done on the building at that time was the mason work and the carpenter work; that there were dynamos or engines running, and cranes working; that there was some vibration through the building caused by the cranes running and the machines working; that he saw the switch plate as it fell slip off the edge of the balcony, and come down on its end; that he could not say whether the cranes were running at that time; that this frame that fell over the edge of the balcony went down through a large space where they were going to have their dynamos, and that at the time of the accident the walls were up and the roof was on. This was the only testimony as to the accident. At the end of the plaintiff's case the defendant moved to dismiss the complaint, which motion was denied.

On behalf of the defendant his superintendent testified that all of the work that the defendant did upon the building was mason work; that while the defendant was doing this work the employés of the General Electric Company were putting in these switch plates and electrical machinery; that the Western Electric Company was putting in its machinery; that another contracting firm was putting in its machinery, and Terry & Tench Construction Company were putting in iron work, probably 40 or 50 contractors working there at that time; that the defendant did not have anything to do with the premises, except in relation to the mason work; that the cranes were being operated by the Interborough Rapid Transit Company—the defendant had nothing to do with them; that the iron beams that fell were not placed upon the balcony by the defendant, or any of his employés; that he had nothing whatever to do with them. It was then admitted that an action had been commenced against the General Electric Company by the plaintiff's intestate, and that that action was settled by the payment of $1,000 by the General Electric Company to the plaintiff, and the plaintiff had signed an instrument under seal discharging the General Electric Company, but preserved the rights of the plaintiff against this defendant, and that in consideration of that payment, the action against the General Electric Company was discontinued.

The defendant then rested and moved for the direction of a verdict, upon the ground that no cause of action had been proved against the defendant, and that if there was any negligence it was the negligence of the General Electric Company, with whom the plaintiff had settled. I think this motion should have been granted. There was no evidence that the plaintiff's intestate was required in the course of his work to walk under this balcony upon which this ironwork was piled, or that he was required by the defendant or his superintendent to place himself in this particular position in the performance of his work. The defendant did not therefore supply this particular place for the plaintiff's intestate to do his work. Plaintiff's intestate was engaged in wheeling a barrow of cement. There was nothing to show that there was any necessity of placing himself in this position under the balcony. The evidence is uncontradicted that the iron frame that fell had been placed upon the balcony by other contractors and their employés, over whom this defendant had

no control, and he was not responsible for the negligent piling of the iron frame close to the edge of the balcony. There were other employés of the defendant removing scaffolding upon this balcony at or about the time of the accident, but there is nothing to show that anything that they did had any relation to the fall of the iron plate that struck the plaintiff's intestate. If this negligence had any connection with the accident, it was the negligence of a fellow servant for which the defendant was not responsible. It is clear that the defendant was not in any way responsible for the method by which these iron plates were piled upon the balcony, or for any vibration of the building that caused them to fall. No act of the defendant or his employés in any way contributed to the accident, and there was therefore nothing to justify a finding of negligence against this defendant.

It follows that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.